# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NATHAN CHAVEZ,

       Petitioner,

v.                                                                CIV  NO. 04-715 BB/ACT

ERASMO BRAVO, Warden, and
PATRICIA MADRID, Attorney General
of the State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus. (Doc. No. 14).  Petitioner has filed his response.  (Doc. No. 17).  The United States Magistrate Judge, having reviewed the Petition, the Motion to Dismiss, the Memorandum in Support, the Response by the Petitioner, the Answer, and the accompanying Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED and the Petition For a Writ of Habeas Corpus be DENIED ON THE MERITS.  Petitioner has also filed a Motion for Appointment of Counsel. (Doc. Nos. 3 and 8).  The United States Magistrate Judge recommends the Motion for Appointment of Counsel be DENIED.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment and Order of the Eleventh Judicial District Court, County of San Juan, State of New Mexico in case No. CR 99-762-6.  (Answer, Exhibit A).  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner was convicted on October 2, 2000, when a  jury found Petitioner guilty of the crimes of First Degree Murder (Accessory), a capital felony, Conspiracy to Commit First Degree Murder, a second degree felony, four counts of Tampering with Evidence, fourth degree felonies, Conspiracy to Commit Tampering with Evidence, a fourth degree felony, and Contributing to the Delinquency of a Minor, a fourth degree felony.  The offenses occurred on or about August 27 and August 28, 1999. (Answer, Exhibit A).

3.  Petitioner also admitted he was a Habitual Criminal Offender with a prior felony conviction in cause number CR 886-6 and CR-1240-6 in the Country of San Juan, State of New Mexico.  (Answer, Exhibit A).

4.  Petitioner was sentenced to serve a life term, enhanced by one (1) year under the Habitual Offender Act, NMSA §31-18-17, followed by five (5) years of mandatory parole on the First Degree Murder (accessory) conviction.  (Answer, Exhibit A).

5.  Petitioner was sentenced to serve a term of nine (9) years, enhanced by one (1) year under the Habitual Offender Act, NMSA §31-18-17, followed by two (2) years of mandatory parole on the Conspiracy to Commit First Degree murder conviction.  (Answer, Exhibit A).

6.  As to the two convictions of Tampering with Evidence, Petitioner was sentenced to

2

serve a merged sentence of eighteen (18) months, enhanced by one (1) year under the Habitual Offender Act, NMSA §31-18-17, followed by one (1) year of mandatory parole.  The other two convictions of Tampering with Evidence resulted in an additional merged sentence of eighteen months (18) months, enhanced by one (1) year under the Habitual Offender Act, NMSA §31-18-17, followed by one (1) year of mandatory parole (Answer, Exhibit A).

     7.  On the conviction of Conspiracy to Commit Tampering with Evidence, the Petitioner was sentenced to eighteen (18) months, enhanced by one (1) year under the Habitual Offender Act, NMSA §31-18-17, followed by one (1) year of mandatory parole. On the Contributing to the Delinquency of a Minor, Petitioner was sentenced to eighteen (18) months, enhanced by one (1) year under the Habitual Offender Act, NMSA §31-18-17, followed by one (1) year of mandatory parole.

     8.  The sentences are to be served consecutively with the life sentence running last.  The sentence for an unrelated probation violation was also to run consecutively. (Answer, Exhibit A).

     9.  Petitioner filed a timely appeal directly to the New Mexico Supreme Court because he had been given a life sentence. Petitioner was represented by counsel from the Public Defender's office. (Answer, Exhibit E).

     10.  His brief in chief included four issues that Petitioner also raised in this Petition for a Writ of Habeas Corpus:

        1.  Petitioner was denied his constitutional rights to present a defense because the trial court refused to allow Petitioner's trial counsel to question Agent Salazar about the contents of a Justin Fred's first confession. (Justin Fred was a co-defendant who pled guilty in a plea agreement.)

2.  Petitioner was denied his constitutional right to a fair trial when the trial judge admitted prejudicial evidence that related to an uncharged crime.

3.  Petitioner was denied his constitutional right to a fair trial when Agent Garcia alluded to his prior criminal history.

4.  Petitioner was denied his constitutional right to a fair trial because of the arrangement between the prosecutor and the co-defendant Justin Fred.  In order to obtain leniency, Fred had to testify against Petitioner.  Fred's sentencing was also postponed until after his testimony at Petitioner's trial. (Answer, Exhibit E).

11. The Supreme Court of New Mexico addressed each of these arguments in an unpublished opinion authored by Justice Petra Maes and concurred in by Justices Patricio Serna, Gene Franchini and Pamela Minzner.  The Court held that each argument was without merit.  The Supreme Court of New Mexico affirmed all of the Petitioner's convictions.  (Answer, Exhibit H).

12.  Petitioner did not seek a writ of certiorari to the Supreme Court of the United States.

13.  On January 16, 2004, Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Eleventh Judicial District Court, San Juan County State of New Mexico.  (Answer, Exhibit J). The Petition presented two claims:

A) Petitioner suffered ineffective assistance of counsel at trial; and

B) Petitioner suffered prosecutorial misconduct.

14.  The District Court Judge denied the Application for a Writ of Habeas Corpus on March 9, 2004. (Answer, Exhibit K).

15.  Petitioner filed a *pro se* Petition for a Writ of Certiorari with the Supreme Court of New Mexico on April 8, 2004. (Answer, Exhibits L).

16.  Petitioner raised seven points, only three of which are raised in the present Petition for a Writ of Habeas Corpus.  The three points raised in both the Petition for a Writ of Certiorari directed to the Supreme Court of New Mexico and in the Petition directed to this Court are:

A) Whether the trial court abused its discretion when it allowed prejudicial evidence to be admitted, thereby denying Petitioner a fair trial;

B) Whether Petitioner was denied due process because of the plea agreement between Justin Fred, a co-defendant, and the State; and

B) Whether Petitioner was denied a fair trial when Agent Garcia alluded to his prior criminal history.

17.  The Supreme Court of New Mexico denied the Petition for a Writ of Habeas Corpus on April 20, 2004, without comment.  (Answer, Exhibit M).

18.  On June 24, 2004, Petitioner filed his timely *pro se* federal Petition for a Writ of Habeas Corpus. (Doc. No. 1).  The Petition presented four of the claims originally presented in his direct appeal to the Supreme Court of New Mexico.  (Doc. No. 1).

19.  Respondent answered and moved to dismiss on August 26, 2004.  Petitioner responded on September 15, 2004.  (Docs. No. 14, 16 and 17).

DISCUSSION

20.  The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

5

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

      (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

21.  All four of the claims brought forth by Petitioner in this Petition were addressed by the Supreme Court of New Mexico in the direct appeal.

22.  The issue before this Court is first, whether the Supreme Court of New Mexico addressed the Petitioner's claims on the merits, and secondly, whether the adjudications on the merits below resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law or resulted in an unreasonable determination of the facts.

## CLAIM OF DENIAL OF CONSTITUTIONAL RIGHT OF CONFRONTATION

23.  The Confrontation Clause of the Sixth Amendment guarantees the right of the accused to be confronted with the witnesses against him.  *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986).  "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315-316 (1974).

24.  Clearly established federal law is that the Confrontation Clause is "generally satisfied when the defense is given a full and fair opportunity to expose" the facts from which jurors, as the sole triers of fact and credibility, can draw appropriate inferences relating to the reliability of the witness. *Delaware v. Fensterer*, 474 U.S. 15, 22 (1985); *Davis v. Alaska, supra*.

25.  The background facts relevant to this claim are as follows: Petitioner, co-defendant

Justin Fred, Sheridan Peters (victim) and Petitioner's girlfriend, Arlana Padilla, were at an outdoor party. An argument began that escalated into a physical fight between the two women. Petitioner and Fred attempted the break up the fight during which victim hit Fred in the nose. Fred was upset because he thought victim had broken his nose. Fred hit victim with his fist.

Petitioner, Fred, and Padilla drove Petitioner's truck to Fred's house where Fred took stock of the damage to his nose. Fred said, "That f....... b......h. I should have killed that f....... b......h. Defendant replied "Let's go." They left the house. During the ride to find victim Fred said, "That f....... b......h broke my nose. I want to kill her."

Petitioner, Fred and Padilla found victim and pulled over. Victim got into the back of the truck perhaps not recognizing the three people in the truck. Petitioner drove to the site of the fight. Once there Padilla grabbed victim and wrestled her to the ground. Fred took a rock and threw it hitting victim in the head. Victim fell to her knees and Padilla broke a beer bottle over her head. Victim and Padilla began wrestling again. Fred testified at trial that Petitioner took the rock Fred had thrown and started hitting victim on the head, nine or ten times. When Fred saw that victim was no longer moving, Fred and Petitioner took victim and put her in the back of the truck. Fred stabbed her five times in the chest with a screwdriver and beat her face and head with a rock.

Petitioner then drove Padilla, Fred and the victim's corpse to a house. Fred observed Petitioner undressing and fondling victims's corpse. Fred testified he left and went to sleep. When he awoke, Petitioner and Padilla were washing themselves. The victim's corpse was wrapped in a sheet. Petitioner told Fred to get a shovel and the three drove to a remote area where they dug a grave and buried the corpse.

Afterwards Petitioner, Padilla and Fred returned to the house.  Petitioner burned victim's clothing and belongings.  Petitioner and Fred took the truck to a carwash and washed the blood out of the truck.  Fred, a minor, volunteered to take the rap.  Petitioner subsequently removed the license plate and tires from his truck and placed the truck on blocks at Padilla's parent's house, covering it with a tarp.  Petitioner and Padilla stayed in a motel while Padilla's injuries healed.

In the meantime, Fred was arrested and charged with an open count of murder.  After several days he spoke with Agent Salazar and took full responsibility for the murder.  Fred subsequently changed his story saying his confession was not the truth.  He implicated Petitioner and Padilla.

Fred eventually worked out a plea agreement whereby, in exchange for his truthful testimony, he would receive no more than fifteen years in prison.  Fred pled guilty to second-degree murder and conspiracy to commit second-degree murder.  His sentencing was delayed until after he testified at Petitioner's trial.

Law enforcement officers questioned Petitioner and Padilla. After initially denying any knowledge of the events, both claimed Fred alone murdered victim.  Petitioner and Padilla took officers to the crime scene and identified the rock used to hit victim, ashes and bloody clothing.  Both were arrested.  While Petitioner and Padilla were in jail, they exchange letters appearing to advise Padilla as to how she should testify.

Padilla entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to conspiracy to commit murder and conspiracy to commit perjury.  Petitioner did not testify at his trial.  Fred testified in accordance with his plea agreement.  Padilla, who was not required to testify, testified that Fred acted alone.  The jury found Petitioner guilty on all counts.

8

26. Petitioner's counsel tried to question Agent Salazar about Fred's initial confession but the State objected.  Counsel told the trial court she needed to present this testimony to show that Fred had initially confessed to murdering victim alone but changed his story after receiving a beneficial plea agreement.  She argued that Fred's confession to Salazar was admissible as a prior consistent statement under Rule 11-801(D)(1)(b) NMRA 2002.  The trial court cited to a different evidentiary rule, Rule 11-801(D)(1)(a) NMRA 2002, and ruled that the confession was not admissible because it was not given under oath.  Petitioner's counsel responded that the confession was admissible hearsay under Rule 11-803(X) NMRA 2002 arguing that the circumstances under which it was made guaranteed its trustworthiness.

The trial court responded that Fred has already testified to the fact that he had made this initial confession and Petitioner's counsel had cross-examined him on this issue.  The trial court ruled that Petitioner's counsel could not question Agent Salazar about the content of the initial confession but could question him about the facts surrounding the confession.  The trial court based his ruling, in part, on the fact that it was not necessary to say something "twice rather than once."

27.  The Supreme Court of New Mexico recognized that the Supreme Court of the United States has held that within the confines of the Confrontation Clause of the Sixth Amendment the trial court has wide discretion to impose reasonable limits on cross-examination based on interrogation that is repetitive or only marginally relevant.  (Answer, Exhibit , p. 5 quoting *Delaware v. Van Arsdall*, *supra*).  The Supreme Court of New Mexico found that Fred's initial confession, his changed story and the details of his pleas agreement were fully before the jury.  These facts had been brought before the jury through Fred's own testimony and the testimony of

9

Fred's defense attorney.  Petitioner's counsel had thoroughly cross-examined Fred on this subject.

Therefore, the Supreme Court of New Mexico concluded, "there was no need to 'cross-examine'

Salazar on Fred's confession. ... [T]he court acted within its discretion and no constitutional error

occurred." (Answer, Exhibit , p. 5).

28.  The Supreme Court of New Mexico ruled that Petitioner's rights under the

Confrontation Clause of the Sixth Amendment had not been violated because: 1) the facts of the

initial confession had already been brought forth through Fred's testimony;  2) the trial judge had

discretion to limit the examination of Agent Salazar because the testimony sought to be presented

was cumulative; and 3) the Sixth Amendment requires that the defense be given a full and fair

opportunity to expose the facts from which jurors, as the sole triers of fact and credibility, can

draw appropriate inferences relating to the reliability of the witness, *Delaware v. Fensterer*, 474

U.S. 15, 22 (1985), but does not guarantee the defense the right to cross-examine a witness "in

whatever way, and to whatever extent, the defense might wish." *Id.,* at 20.          29.   The

Court recommends that the Petition for the Writ of Habeas Corpus on this claim be denied

because Petitioner has failed to establish that the decision by the Supreme Court of New Mexico

on this issue is contrary to, or involved an unreasonable application of, clearly established federal

law.

## CLAIM OF PREJUDICIAL EVIDENCE

30.  Petitioner's second claim is that he was denied a fair trial because the trial judge

admitted the results of a DNA test showing that Petitioner likely engaged in sexual intercourse

with victim's corpse.  Petitioner argues, as he did in his direct appeal, that the evidence deprived

10

him of a fair trial because: 1) it was impermissible character evidence under Rule 11- 404 NMRA 2002, allowing the jury to infer "that if [Petitioner] was capable of having sex with a dead body he was more capable of murder" (Doc. No. 1, p. 6); and 2) it was overly prejudicial under Rule 11- 403 NMRA 2002.

31.   The evidence did not relate to the counts of tampering with evidence.  Petitioner's trial counsel filed a motion to exclude the evidence arguing that it was not relevant because Petitioner had not been charged with a criminal sexual contact or criminal sexual penetration.  She argued that the evidence would be more prejudicial than probative and should be excluded.

32.   The trial court, looking to New Mexico Rules of Evidence,  ruled that although the evidence was prejudicial to an extent, the evidence was also relevant because it was part of a continuous chain of events that placed Petitioner at the scene of the crime. The trial court ruled that the relevance of the evidence outweighed its prejudice and allowed it to be admitted.

33.   The Supreme Court of New Mexico reviewed the evidentiary ruling and found the trial court had not abused its discretion.

34.   This Court's inquiry is restricted to a review of Petitioner's claims that he is in custody pursuant to a judgment of a New Mexico state court that violates the Constitution of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).   Petitioner has brought only one such claim, his claim that he was denied his Sixth Amendment right to confrontation.  This claim, that the Supreme Court of New Mexico erred in reviewing the trial court's evidentiary rulings and therefore denied him a fair trial, does not state a claim that Petitioner is in custody pursuant to a judgment of a state court that violates the Constitution of the United States.
A claim that New Mexico courts misinterpreted New Mexico law or the New Mexico Rules of

Evidence is not grounds for habeas relief.  *Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003); *Scrivener v. Tansy*, 68 F. 3d 1234, 1238 (10th Cir. 1995), *cert. denied*, 516 U.S. 1178 (1996).

35.  The Court recommends that the Petition for the Writ of Habeas Corpus on this issue be denied.


CLAIM THAT STATE'S WITNESS ALLUDED TO PETITIONER'S CRIMINAL HISTORY

36.  Petitioner claims that Agent Garcia testified about Petitioner's criminal history but a review of the record proves otherwise.  On direct examination, the prosecutor asked Agent Garcia about his first conversation with Petitioner.  Agent Garcia testified that to make Petitioner comfortable, he asked him about his family and if he had ever been in trouble.  Before he could answer, Petitioner's counsel objected.  A bench conference ensued at which Agent Garcia could be heard whispering " I understand."  When Agent Garcia resumed testifying, he did not say anything about Petitioner's criminal history.

37.  The Supreme Court of New Mexico ruled that the Petitioner failed to explain how Agent Garcia's testimony, which trailed off into nothing, provided the jury with any information about Petitioner's prior criminal history.  Since no history was admitted into evidence, the Court ruled that no improper evidence was received by the jury and the error, if any, was harmless. (Answer, Exhibit H, page 9).

38.  Petitioner is claiming that the decision below misinterpreted or misapplied a New Mexico Rule of Evidence and therefore denied him a fair trial.  Petitioner's claim does not state a claim that he is in custody pursuant to a judgment of a state court that violates the Constitution of

12

the United States. A claim that New Mexico courts misinterpreted the New Mexico Rules of Evidence is not grounds for habeas relief.  *See*, *Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003).

39.   The Court recommends that the Petition for the Writ of Habeas Corpus on this issue be denied.

CLAIM OF UNFAIR TRIAL DUE TO THE PLEA AGREEMENT BETWEEN<br>THE STATE AND CO-DEFENDANT JUSTIN FRED

40.   Petitioner argues that the plea agreement between the prosecutor and his co-defendant Justin Fred violated Petitioner's right to due process because in order to obtain leniency, Fred had to testify against Petitioner and Fred's sentencing was postponed until after his testimony at Petitioner's trial.

41.  At Petitioner's trial, Fred's attorney testified that the sentence was delayed until after Fred had testified because the district attorney was worried that Fred would not testify as agreed if given an adult sentence beforehand.  Fred's attorney also testified, in response to a hypothetical question, that if Fred testified that he acted alone in murdering victim, that the attorney expected the district attorney to withdraw the plea agreement and re-instate first degree murder charges.

42.  The Petitioner raised this issue in his direct appeal to the Supreme Court of New Mexico.  (Answer, Exhibit E).  The Court, however, ruled that the Petitioner had not preserved this issue for appeal.  The Petitioner did not object to his co-defendant's testimony until after Petitioner's motion for a directed verdict.  The trial court ruled the objection untimely.  The reviewing court agreed and declined to review the issue.

13

43. Furthermore, the Supreme Court of New Mexico found that the Petitioner failed to argue that this issue resulted in a fundamental error. Therefore, the Court declined to review the issue for fundamental error. The Supreme Court's decision below did not review this issue on the merits.

44. Petitioner defaulted this claim in state court on an independent and adequate state procedural rule. The New Mexico Rule of Appellate Procedure 12-216(A) requires that to preserve a question for review "it must appear that a ruling or decision by the district court was fairly invoked." In order to preserve an issue for appeal, it is essential that a party make a timely objection that specifically apprises the trial court of the claimed error and allows the trial court the opportunity to make an intelligent ruling. *State v. Jacobs*, 2000-NMSC-026 ¶12, 129 N.M. 448, 10 P. 3d 127.

45. Petitioner's claim is procedurally defaulted. "In all cases where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred ... ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The only exceptions are when the prisoner can demonstrate both the cause for the default and actual prejudice that resulted or can demonstrate that the failure to consider this claim will result in a fundamental miscarriage of justice. Petitioner has failed to demonstrate that either exception applies to this issue.

46. The Court recommends that the Petition for the Writ of Habeas Corpus on this issue be denied because it is procedurally defaulted.

## REQUEST FOR APPOINTMENT OF COUNSEL

47. Petitioner has also requested that the Court appoint him counsel.  (Doc. Nos. 3 and 8).

48. The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).

49. Petitioner was represented by counsel at his trial and on his direct appeal.  Petitioner has represented himself during his habeas corpus proceedings in federal court but has presented four of the claims which were presented in his appeal.

50. Petitioner has been able to reasonably present his claims and supporting facts to the court in his Petition for the Writ of Habeas Corpus.  The claims presented were straightforward and had been previously presented to the state court below.  The arguments had been briefed by counsel and the Court had the benefit of those pleadings, attached as exhibits to the Answer.

51. The Court has reviewed the merits of the Petition and recommends that the Petition for the Writ of Habeas Corpus be denied on the merits.  The assistance of counsel for the Petitioner would not have materially altered the analysis of the Court or altered its recommendation.

52. The Court finds that the Petitioner has been able to present his case adequately without benefit of counsel and the appointment of counsel for the Petitioner would not have assisted the Court.  Therefore the Court recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

## CONCLUSION

Of the four claims presented by Petitioner, only one has been addressed on the merits by the Supreme Court of New Mexico.  Having reviewed the state court decision, this Court finds that the decision below is not contrary to clearly established federal law.  Nor does the decision involve an unreasonable application of clearly established federal law.

Two of the issues raised by the Petitioner involve the state court's determination of the state Rules of Evidence and therefore do not state a claim for federal habeas relief.  The fourth issue was not addressed on the merits by the state court below and was procedurally defaulted on an independent and adequate state ground.

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED ON THE MERITS and that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED.  The Court also recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

16

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE